UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEEBERT RAMCHARAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DRUG )<br>ENFORCEMENT ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 18-2759 (EGS) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, brought this action to compel disclosure of his records from the Drug Enforcement Administration ("DEA"). *See* Compl. for Injunctive Relief, ECF No. 1. Pending before the Court is Defendant's Motion for Summary Judgment, ECF No. 20. Pursuant to the amended briefing schedule, plaintiff's response was due by June 5, 2020. Despite the Court's advisements about the consequences of not responding to the instant dispositive motion, *see* Mar. 3, 2020 Order, ECF No. 23, plaintiff has neither filed a response nor requested more time to respond -- as he has done before. So, for the reasons explained below, the Court will grant defendant's motion and enter judgment accordingly.

**I. BACKGROUND**

In support of summary judgment, defendant has proffered the Declaration of Angela D. Hertel, Acting Unit Chief of the DEA's Freedom of Information/Privacy Act Unit, ECF No. 21-1; Hertel's Second Declaration, ECF No. 20-1; and the Declaration of Jill Aronica, Information Systems Chief of the Organized Crime Drug Enforcement Task Forces Executive Office, ECF

1

No. 22-1.  The Court also considers defendant's unrefuted Statement of Undisputed Material Facts ("SOF"), ECF No. 20 at 3-4.

It is undisputed that on October 3, 2016, plaintiff requested "arrest records, mug shots, investigation reports, and warrants, among other things during the period of January 1, 1979 through the date of the request."  SOF ¶ 1.  On March 1, 2017, DEA informed plaintiff of "an estimated fee of $6,880.00 to complete the request after conducting a preliminary query for the records sought."  *Id*. ¶ 3.  "Citing an inability to pay the estimated fee," plaintiff first narrowed the request "solely to DEA 6 Forms involving [him] completed between . . . 2000 and . . . 2016," *id*. ¶ 4; thereafter, he twice modified the request.  *See id*. ¶¶ 6-7.  Plaintiff's "final modification," on June 21, 2018, "sought records associated with his criminal prosecution."  *Id*. ¶ 7.  DEA's search located 117 responsive pages, 45 of which were released in part or in full.  *See id*. ¶ 9.

## II.  LEGAL FRAMEWORK

### A.  Rule 56

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party shows that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Waterhouse*, 298 F.3d at 991.

B.  FOIA

The FOIA requires agencies to disclose all requested agency records, 5 U.S.C. § 552(a), unless one of nine specific statutory exemptions applies, *id*. § 552(b). "FOIA's 'strong presumption in favor of disclosure places the burden on the agency' to justify nondisclosure." *Consumers' Checkbook, Ctr. for the Study of Servs. v. United States HHS*, 554 F.3d 1046, 1057 (D.C. Cir. 2009) (quoting *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)).  Upon complaint, judicial review is *de novo*, 5  U.S.C. § 552(a)(4)(B), which means that the Court  must ascertain from its independent review of the record whether the agency has complied with its disclosure obligations.  *See Assassination Archives & Research Ctr. v. C.I.A*., 334 F.3d 55, 57 (D.C. Cir. 2003) (internal quotation marks and citations omitted).  The Court may rely on agency affidavits or declarations that are "relatively detailed and non-conclusory."  *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 97 (D.D.C. 2019) (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).  Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible."  *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007) (citations omitted).

### III.  DISCUSSION

By his silence, plaintiff concedes that he "submitted 3 modifications to his initial FOIA request," SOF ¶ 8, and that his "narrowed" request for "the file associated with his criminal trial," is the subject of this lawsuit, Hertel Decl. ¶ 31.  In addition, plaintiff concedes the declarant's statements demonstrating the adequacy of DEA's search.  *See id*. ¶¶ 6-9, 32-34.

The remaining question is whether the record supports summary judgment on DEA's withholding of 72 responsive pages in full and 36 pages in part, under FOIA exemptions 5, 6, 7(C), (7)(D), 7(E), and 7(F), codified in 5 U.S.C. § 552(b).  SOF ¶ 9.

The D.C. Circuit instructs:

> Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be "conceded" for want of opposition. The burden is always on the movant to demonstrate why summary judgment is warranted. The nonmoving party's failure to oppose summary judgment does not shift that burden. *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring). The District Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Id*. (citing Fed. R. Civ. P. 56(e)(3)).

*Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). "[C]ourts in this district have observed that 'this does not mean . . . that the Court must assess the legal sufficiency of each and every [uncontested] exemption invoked by the government in a FOIA case.'" *Schaerr v. United States Dep't of Justice*, 435 F. Supp. 3d 99, 109 (D.D.C. 2020) (quoting *Shapiro v. Dep't of Justice,* 239 F. Supp. 3d 100, 105–06 n.1 (D.D.C. 2017)). Still, a court "should state on the record the reasons for granting or denying" a summary judgment motion. Fed. R. Civ. P. 56(a).

DEA has explained its withholdings in sufficient detail, and its justifications are consistent with D.C. Circuit law. *See* Hertel Decl. ¶¶ 38-63; Aronica Decl. ¶¶ 3-5; Def.'s Mem., ECF No. 20 at 9-18. DEA has shown that "[a]ll responsive information was examined to determine whether any reasonably segregable information could be released," Hertel Decl. ¶ 64, and that all reasonably segregable information indeed was released, *see id*. ¶¶ 64-66; Aronica Decl. ¶¶ 3-5.

### IV.  CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. A separate order accompanies this Memorandum Opinion.

Date: September 8, 2020

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE